UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Samuel Jerome Lewis, # 140863, ) | C/A No. 4:09-2881-GRA-TER |
| ) | |
| Petitioner, ) | |
| ) | REPORT AND |
| vs. ) | RECOMMENDATION |
| ) | |
| Willie Eagleton, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The petitioner, Samuel Jerome Lewis ("Petitioner"), is a state prisoner, proceeding *pro se,* seeking federal habeas relief pursuant to 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

## **BACKGROUND**

In the Horry County Court of General Sessions on July 9, 1990, Petitioner entered a guilty plea to several charges, including burglary; assault and battery of a high and aggravated nature; grand larceny; and criminal sexual conduct. Pet. at 1. The petition also indicates he attempted to make a plea of insanity. He was sentenced to life imprisonment plus one hundred and fifteen years. Petitioner is presently incarcerated at Evans Correctional Institution, a facility of the South Carolina Department of Corrections. The Petition indicates he did not file a direct appeal of his convictions, but he filed a Post-Conviction Relief ("PCR") application in 2000, which was dismissed as untimely under governing South Carolina statutes. Pet. at 3. Petitioner filed successive PCR actions in 2004 and 2008, with the same results. Pet. at 3-4. Petitioner did not appeal the dismissal of his PCR actions. He states that he did not appeal because the transcript of his plea hearing could not be found. Pet. at 4. Petitioner's habeas petition under § 2254 in this case was filed in November 9,

2009.

## *PRO SE* HABEAS PETITION

Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S.97 (1976). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990). A careful review has been made of the *pro se* petition pursuant to this standard and the procedural provisions of the Rules Governing Habeas Corpus Cases Under Section 2254 (Habeas Rules) and the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No.104-132, 110 Stat. 1214. Under Rule 4 of the Habeas Rules, district courts "must promptly examine" petitions filed under § 2254 and, when applicable, dismiss the petition "[i]f it plainly appears ... that the petitioner is not entitled to relief." Even under the less stringent "liberal construction" standard applied, this *pro se* petition is subject to summary dismissal.

## DISCUSSION

Petitioner's § 2254 petition is untimely under 28 U.S.C. §2244(d). On April 24, 1996, the AEDPA became law and put in place a statute of limitations for habeas petitions filed pursuant to § 2254. The AEDPA, in part, states:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d).

Petitioner's conviction became final prior to the enactment of the AEDPA, so Petitioner had until April 24, 1997, one year from the enactment date of the AEDPA, to file his petition. *See Brown v. Angelone*, 150 F.3d 370 (4th Cir. 1998). The Petition indicates Petitioner didn't file anything challenging his convictions until January 2000, almost ten years after his conviction, when he filed a state PCR proceeding. The PCR was denied as untimely. His request for federal habeas relief under § 2254 in this case was filed in November 2009, twenty years after his conviction, and is also untimely. Under the AEDPA, Petitioner had to file a federal habeas petition prior to April 24, 1997, unless that time was extended based on pending state proceedings. Properly filed state court challenges to Petitioner's convictions could toll the time for filing for federal habeas relief. 28 U.S.C. §2244(d)(2). The petition, however, reveals that no state proceedings were begun prior to 2000, so the time to file a federal § 2254 petition could not be extended by tolling. In fact, according to the petition, the time to file a federal § 2254 petition expired prior to any state court

3

proceedings being initiated. Petitioner's time to file a § 2254 petition expired on April 24, 1997.

The AEDPA's statute of limitations is subject to equitable tolling, which could, in effect, extend the final date for filing. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000). The standard habeas petition form (AO-241) requests information in question number eighteen (18) pertaining to the timeliness of the petition. The question states" [i]f your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition." The footnote to the question provides the text of § 2244(d). Petitioner responded to the question by explaining that he was "illiterate to the law until I learn how to read and write." Pet. at 13.

The United States Supreme Court has acknowledged that district courts are "permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S.198, 209 (2006). The Court further instructs that "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Id.* at 210. Similarly, the United States Court of Appeals for the Fourth Circuit has mandated caution in *sua sponte* dismissals of untimely petitions under the AEDPA:

> [W]hen a federal habeas court, acting sua sponte, dismisses a § 2254 action as untimely without notice to or input from the petitioner, the court cannot be certain that there are no circumstances that would cause the petition to be timely. The district court ought at least to inquire whether there are any facts not apparent to the court that militate against the application of the limitations bar.

*McMillan v. Jarvis*, 332 F.3d 244, 249 (4th Cir. 2003); *Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002). Petitioner was notified by Order dated December 10, 2009, that his habeas petition was subject to dismissal under the applicable statute of limitations, and Petitioner was permitted to file a response

4

explaining why his petition should not be considered untimely. Petitioner filed a response to the Order on December 28, 2009. Petitioner's response explains that he could not read or write at the time of his conviction, as well as having mental problems, and it took him years to learn how to read and write. Further, he had to rely on other prisoners to help him file a collateral attack on his conviction. [Docket # 9].

Petitioner would be entitled to equitable tolling of the statute of limitations if presenting facts of "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Although Petitioner alleges illiteracy as a reason for Petitioner's delay, it does not meet the standard necessary for equitable tolling. Courts have held that "unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling." Bums v. Beck, 349 F.Supp.2d 971, 974 (M.D.N.C.2004) (citing Harris, 209 F.3d at 330-32). "Likewise, mistake of counsel does not serve as a ground for equitable tolling.... Nor are prison conditions, such as lockdowns or misplacement of legal papers, normally grounds for equitable tolling." Id. Additionally as to Petitioner's response that he has mental problems, the Fourth Circuit Court of Appeals has held that equitable tolling for mental disabilities should only be granted in cases of profound mental incapacity. United States v. Sosa, 364 F.3d 507, 513 (4th Cir.2004) (citing Grant v. McDonnell Douglas Corp., 163 F.3d 1136, 1138 (9th Cir.1998) (only with institutionalization or adjudged incompetence)). Petitioner has waited twelve years from the statutory time limit, April 27, 1997, to file for federal habeas relief, and Petitioner has not presented extraordinary circumstances, beyond Petitioner's control, that would justify such a lengthy delay.

**RECOMMENDATION**

Accordingly, it is recommended that the habeas petition in this case be dismissed without requiring the respondent to file an answer. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). **The petitioner's attention is directed to the notice on the next page.**

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

April 26, 2010  
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).