IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Samuel Jerome Lewis, #140863, | ) ) ) |
| Petitioner, | ) ) |
| vs. | ) ) |
| Willie Eagleton, Warden | ) ) |
| Respondent. | ) ) ) |

C/A No.: 4:09-cv-02881-GRA

**ORDER**

This matter comes before the Court to review Magistrate Judge Thomas E. Rogers' Report and Recommendation, filed on April 26, 2010. For the reasons stated herein, this Court adopts the magistrate's Report and Recommendation in its entirety.

Petitioner's initial complaint was filed on November 9, 2009, under 28 U.S.C. § 2254. Magistrate Judge Rogers notified Petitioner by Order dated December 10, 2009, that Petitioner's petition was subject to dismissal under the applicable statute of limitations, and Petitioner was permitted to file a response explaining why his petition should not be considered untimely. Petitioner filed a Response to the magistrate's Order on December 28, 2009. The magistrate recommends dismissing Petitioner's petition without requiring Respondent to answer.

Petitioner brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This

Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Petitioner filed his objections on May 6, 2010.

The Court reiterates that it may only consider objections to the Report and Recommendation that direct this Court to a specific error. Most of Petitioner's "objections" merely restate word for word the magistrate judge's Report and Recommendation or rehash argument's previously made to the magistrate judge or These issues were correctly addressed by the magistrate and this Court will not address the issues a second time.

Petitioner states that he "hasn't deliberately waited 12 years intentionally for

the statute of limitations to file for federal habeas corpus relief." However, intent is irrelevant when addressing a statute of limitations issue. Petitioner has failed to meet the burden necessary to justify either equitable tolling or statutory tolling and therefore his petition falls outside of the filing deadline. Therefore, his objections are without merit.

After a thorough review of the record, magistrate's Report and Recommendation, and the relevant case law, this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

IT IS THEREFORE ORDERED THAT Petitioner's petition be dismissed without requiring Respondent to file an answer.

**IT IS SO ORDERED.**

                                                                G. Ross Anderson, Jr.
                                                                Senior United States District Judge

May 11, 2010
Anderson, South Carolina

# **CERTIFICATE OF APPEALABILITY**[1]

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

    **IT IS SO ORDERED.**

                                                                     *[signature]*
                                                                     G. Ross Anderson, Jr.
                                                                      Senior United States District Judge

---

[1] On December 1, 2009, the Rules Governing Section 2254 and 2255 Cases in the United States District Courts were amended to require a District Court to issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. *See* 28 U.S.C. § 2254, Rule 11(a); 28 U.S.C. § 2255, Rule 11(a). This amendment also encompasses motions to reconsider final rulings on habeas petitions. *See U.S. v. Haynes*, No. 09-7606, 2009 WL 4506466 (4th Cir. Dec. 9, 2009).